**STATE of Delaware, Plaintiff,**

**v.**

**Louis A. RIGLER, Defendant.**

Superior Court of Delaware,
New Castle.

May 20, 1970.

888

John P. Daley, Deputy Atty. Gen., Wilmington, on behalf of State.

L. Coleman Dorsey, Wilmington, on behalf of defendant.

McNEILLY, Judge.

This is an appeal from a non-jury trial in the Court of Common Pleas in which the defendant Rigler was adjudged guilty of the offense of assault and battery and threatening bodily harm.

The trial testimony discloses that on March 14, 1969 Kathy Paris, a fifteen year old high school student, left school and accompanied Rigler and two other young men to Rigler's apartment. Mrs. Alice Paris, Kathy's mother, discovered that her daughter was not in school, and she suspected that Kathy was in Rigler's company. She went to his apartment, and, upon hearing her daughter's voice coming from inside the premises, she knocked and a male companion of Rigler's opened the door and told Kathy that her mother was looking for her. Mrs. Paris walked into the apartment, where she found Kathy and ordered her daughter to leave the premises with her. Kathy resisted her mother's efforts to remove her and a pushing, pulling, screaming scuffle ensued until the two females were in the common hallway of the building at the top of a staircase. At that point, Rigler grabbed both of Mrs. Paris' wrists and threatened, by his own admission, to "break her arm" if she did not let Kathy go. A friend, who had accompanied Mrs. Paris to the premises, then appeared coming up the staircase and Rigler immediately let go of Mrs. Paris. The mother and her companion each took hold of Kathy's arms and escorted her down the stairs, and out to their automobile. They drove to police headquarters where Mrs. Paris charged Rigler with assault and battery and threatening bodily harm.

The trial judge refused to consider evidence that Mrs. Paris had used physical force in her efforts to discipline Kathy in the past. Rigler based his defense upon the theory that he was justified in defending Kathy against the physical force employed by her mother because, based upon information and belief of past actions, he had reason to suppose that Kathy was threatened with bodily harm. Kathy testified that she was afraid that her mother was about to "push me down the stairs".

This appeal raises the following issues:

1. Was it error to exclude evidence to show that Mrs. Paris had used physical force on Kathy in the past?

2. Was the force used by Mrs. Paris to remove Kathy from the premises so unreasonable as to make her the aggressor and justify the defendant's protective interference?

 Under appropriate circumstances, in ordinary cases of criminal assault and battery where the accused pleads self-defense or the defense of another, the general community reputation of the victim for having a violent and dangerous character is admissible in evidence, particularly when there is a factual issue as to who was the aggressor in the circumstances. 6 C.J.S. Assault & Battery § 118; 6 Am.Jur.2d, Assault & Battery, § 105. However, evidence of specific prior violent or dangerous acts, or character evidence arising from facts which follow the crime charged, are inadmissible and irrelevant, on the issue of self-defense or defense of another. State v. Johnson, 185 Kan. 1, 340 P.2d 373 (1959). Several circumstances sufficiently differentiate the case at bar so as to make the general rules inapplicable. First, the altercation which prompted Rigler to interfere was a forceful battle of wills between mother and child and not an ordinary brawl. Secondly, Rigler made no effort to present the general character reputation of Mrs. Paris, but only specific instances apparently both before and after the event, when she had used physical force or chas-

tisement in efforts to discipline her child. Specific, isolated acts of the past which might tend to show a violent and dangerous character are inadmissible in all cases. It is the opinion of the court that this rule of evidence is particularly applicable when those specific acts involve parental discipline and training. The duty to train children is an awesome responsibility which society places primarily upon parents, and public policy demands that the have freedom to exercise that duty without unreasonable restraint. It is inconceivable that a parent's reputation for violence in the community could be based upon isolated past efforts to forcibly discipline his or her child. The wisdom of the law which gives parents the right and duty to train their children by forceful and reasonable physical chastisement where necessary also protects them in the exercise of that right from meddlesome interference. The trial court was correct in its refusal to consider or admit evidence of past use of physical force in the efforts of Mrs. Paris to control her daughter.

 Having upheld the exclusion of evidence of past acts of violence, the court must next determine whether or not Mrs. Paris used reasonable efforts to control her daughter in the present case. A parent, or one standing in loco parentis, has the right to use reasonable force to discipline a child, and what constitutes reasonable force under the circumstances is a fact issue for determination by the trier of the facts. See 6 Am.Jur.2d, Assault & Battery, § 47 and cases cited therein. Although no specific finding of fact was made, it is inherent in the decision of the trial court that the judge, sitting without a jury, found that Mrs. Paris did not exceed her parental authority or use unreasonable force upon Kathy under the circumstances surrounding the scuffle. There is sufficient evidence to support such a finding, and whatever Kathy or the defendant supposed to be the case, clearly Mrs. Paris did not use excessive or unreasonable force in her efforts to remove a recalcitrant and

reluctant fifteen year old girl from questionable surroundings. There is no evidence that Mrs. Paris was motivated by anything other than her daughter's welfare when she took physical action to force Kathy to leave. In the exercise of her parental prerogatives Mrs. Paris was not an aggressor and Rigler interfered unjustifiably when he attempted to thwart her disciplinary efforts. There is no right to go to the defense of another where there is no actual or threatened aggression being made upon the person sought to be protected. The law has always given parents wide latitude in the use of any reasonable and beneficial means necessary or expedient to further their duty to educate, train and discipline their offspring, and he who interferes with the proper exercise of this parental duty does so at his peril. 67 C.J. S. Parent and Child § 6, § 7 and cases cited therein. Since Kathy herself was without legal capacity to forcibly resist her mother's reasonable efforts to discipline her, Rigler's forcible restraint of Mrs. Paris was also without legal justification. Obier v. Neal, 1 Houst. 449 (Del.); 6 Am.Jur.2d, Assault & Battery, § 63.

The judgment below is affirmed.